IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joshua Dylan LeDay, | ) | Case No. 9:21-cv-03590-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joanne Clarey and Shirley Glover,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Joshua Dylan LeDay, | ) | Case No. 9:21-cv-04030-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amy Glover, Clark Ard, Neil Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' Motions for Summary Judgment.[2] ECF Nos. 64,[3] 23.[4]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

---

[1] All parties acknowledge that Amy Glover was misidentified as Shirley Glover in Plaintiffs' first filed action.

[2] These cases are consolidated for purposes of discovery, motions, and trial.  The Court refers to Docket Entry Numbers in the first filed action, C/A No. 9:21-cv-03590-DCC, unless specifically noted otherwise.

[3] C/A No. 9:21-cv-03590-DCC.

[4] C/A No. 9:21-cv-04030-DCC.

73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On April 17, 2023, the Magistrate Judge issued a Report recommending that the Motions be granted. ECF No. 76. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections, and Defendants filed a Reply.[5] ECF Nos. 78, 79.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

---

[5] In C/A No. 9:21-cv-0590-DCC, Plaintiff filed a letter docketed on May 26, 2023, in which he restates many arguments made in his objections. ECF No. 80. To the extent Plaintiff has alleged any additional arguments or facts in the letter, the Court has considered this filing in making its ruling.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

This action is brought by a pretrial detainee, proceeding pro se, alleging various violations of his civil rights pursuant to 42 U.S.C. § 1983. The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference.[6] As stated above, the Magistrate Judge recommends that the Motions for Summary Judgment be granted.

### *Eleventh Amendment Immunity*

The Magistrate Judge recommends granting Defendants' Motions with respect to Plaintiff's claims against Defendants in their official capacities. Plaintiff has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of this issue. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. The Defendants' Motions are granted as to Plaintiff's claims for money damages against Defendants in their official capacities.

### *Claim Against Defendant Johnson*

The Magistrate Judge next recommends granting Defendants' Motions with respect to Plaintiff's claim against Defendant Johnson. The Magistrate Judge determined that Plaintiff did not assert any personal participation by Defendant Johnson in the alleged

---

[6] To the extent Plaintiff has objected to any relevant facts, those objections will be discussed below.

3

depravation of his constitutional rights. Liberally construed, Plaintiff has objected to this recommendation. He states that he has sued everyone in the chain of command and that "[t]hey all knew what was going on. I even had all my family members calling all of them." Upon de novo review, the Court agrees with the Magistrate Judge that these generalized, conclusory allegations are insufficient to maintain his claim. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (holding that "conclusory allegations without more are insufficient to preclude a finding of summary judgment"). Accordingly, summary judgment is granted as to Plaintiff's claim against Defendant Johnson.

***Conditions of Confinement Claims***

As explained by the Magistrate Judge, Plaintiff alleges two conditions of confinement claims: (1) deliberate indifference to his conditions of confinement for the alleged "solitary confinement," including failing to provide him with reading materials and (2) deliberate indifference to his conditions of confinement for allegedly failing to provide him with a mattress. The Magistrate Judge recommends that summary judgment be granted as to these claims because there is no evidence of a physical injury related to the conditions of his confinement and because Plaintiff failed to establish a constitutional violation. Plaintiff objects.

With respect to the Magistrate Judge's finding that Plaintiff has not sufficiently established a physical injury related to his conditions of confinement, the Court has reviewed the record, the Report, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

4

The Prison Litigation Reform Act of 1996 provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). "There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims." *Piucci v. Dennis*, No. 8:20-CV-01157-SAL-JDA, 2020 WL 3130257, at *5 (D.S.C. May 19, 2020), *Report adopted*, 2020 WL 3130250 (D.S.C. June 12, 2020); *Khan v. Stirling*, No. 9:18-cv-3130-BHH-BM, 2019 WL 3976626, at *5 (D.S.C. July 24, 2019), *Report adopted*, 2019 WL 3973708 (D.S.C. Aug. 22, 2019).

In the complaint related to this claim, Plaintiff states that his injuries are "[m]ental health, messing with my sanity, hearing voices, walls closing in on me from being held in lockup so long. Nerve damage/back spasms." C/A No. 9:21-cv-04030-DCC, ECF No. 1 at 6. However, as explained in more detail by the Magistrate Judge, there is no evidence in the record to support Plaintiff's conclusory allegations regarding any physical injury stemming from the conditions of his confinement. Accordingly, summary judgment is appropriate with respect to these claims.

The Magistrate Judge further recommends granting summary judgement as to Plaintiff's conditions of confinement claims because he has failed to establish a constitutional violation. With respect to his claim that he was improperly held in solitary confinement, the Magistrate Judge determined that Plaintiff failed to establish that he had experienced a serious depravation or deliberate indifference by Defendants. Plaintiff

5

makes various arguments in support of his contention that he was in solitary confinement for more than 300 days. With respect to his claim regarding his mattress, Plaintiff argues that the mattress was already damaged and that the mattress should have been taken from him during the day and returned at night.

Because the Court has already found that this claim is subject to summary judgment based on a failure to establish a physical injury, the undersigned will not address every detail recited by the Magistrate Judge; however, the undersigned has conducted a de novo review of all claims brought by Plaintiff in this action. Plaintiff's objections contain an extensive discussion detailing the reasons why he alleges he was held in solitary confinement. As explained in more detail by the Magistrate Judge, there is no evidence that Plaintiff was held in solitary confinement. Rather, the evidence demonstrates that he was put on suicide watch, a designation that prohibits a roommate. The Court incorporates the Magistrate Judge's thorough analysis of this issue into this Order by reference.

With respect to Plaintiff's claims that he was unconstitutionally denied a mattress, he likewise has failed to establish that he suffered a constitutional violation. In his objections, Plaintiff asserts that it was improper to take the mattress from him in the first place and that it should have been returned to him each evening. Plaintiff's objections amount to, at most, an argument that Defendants violated internal detention center policies. This is insufficient to state a constitutional violation. *See Johnson v. Stirling*, No. CV 9:18-3028-RMG, 2019 WL 13258059, at *2 (D.S.C. Nov. 18, 2019) ("The failure of prison officials to follow their own policies or procedures, standing alone, does not

6

amount to a constitutional violation."). The Court further incorporates the Magistrate Judge's more general discussion of this issue and any allegation that he was unconstitutionally denied a blanket into this Order by reference.

It does not appear that Plaintiff has specifically objected to the Magistrate Judge's finding that he failed to establish that Defendants were deliberately indifferent to his conditions of confinement. Out of an abundance of caution for a pro se Plaintiff, the Court has reviewed this section of the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

It further does not appear that Plaintiff specifically objects to the Magistrate Judge's discussion that he was unconstitutionally denied a copy of the Quran. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has reviewed this claim de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

Accordingly, summary judgment is appropriate with respect to Plaintiff's conditions of confinement claims.[7]

---

[7] With respect to any allegation that Plaintiff was denied access to recreation, there is evidence in the record that Plaintiff was afforded recreation. Plaintiff's conclusory allegations to the contrary are insufficient to preclude a finding of summary judgment. *See Ross*, 759 F.2d at 365. To the extent Plaintiff is specifically complaining about a lack of access to the outdoors, this allegation fails to establish a constitutionally viable claim. *See Hause v. Harris*, C/A No. 0:07-270-JFA, 2008 WL 216651, at *8 (D.S.C. Jan. 23, 2008) ("Generally, even dramatic restrictions on outdoor exercise do not violate [the due process clause] so long as prisoners have ample opportunity to enjoy indoor activity." (citation omitted)).

*Excessive Force*

Plaintiff alleges that excessive force was used when he was tased. The Magistrate Judge determined that the amount of force was reasonable considering the need for force at the time. In his objections, Plaintiff alleges that he was not a danger to anyone immediately before he was tased. He points to the video evidence in the record and argues that it supports his version of events.

As an initial matter, the Court has reviewed the video evidence and finds that it supports the facts as laid out by the Magistrate Judge. Moreover, the Court agrees with the Magistrate Judge that the amount of force was reasonable under the standard articulated in *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). The evidence demonstrates that Plaintiff was in the process of damaging detention center property and had been brandishing a broom. Even if he dropped the broom by the time he was tased, as he argues in his objections, that fact fails to establish that he no longer posed a threat to either the property he was trying to damage or to the security of the detention center such that the use of force was unconstitutional. Both officers involved in the altercation had attempted to deescalate the situation prior to the use of force. Moreover, Defendant Glover averred that she evaluated the other methods of force available to her at the time and determined that the taser posed the least amount of risk. Accordingly, the Court agrees with the Magistrate Judge that the use of force in this case was reasonable when weighed against the need for force.

In response to the Magistrate Judge's finding that he suffered a relatively minor injury due to being tased, Plaintiff argues that the prongs should have been removed

8

under a medical professional's supervision. He further asserts that he has suffered nerve damage and that he is still traumatized when he hears or sees a taser. However, there is no evidence in the record to support this assertion by Plaintiff. Instead, the evidence shows that Plaintiff was left with two small marks and required band-aids for treatment. Accordingly, Plaintiff's objections are overruled and summary judgment is granted as to this claim.

### *Qualified Immunity*

The Magistrate Judge further recommends granting summary judgment on the basis of qualified immunity. Plaintiff has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

### **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Defendants' Motions for Summary Judgment [64,[8] 23[9]] are **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 28, 2023
Spartanburg, South Carolina

---

[8] C/A No. 9:21-cv-03590-DCC.

[9] C/A No. 9:21-cv-04030-DCC.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.